## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPITAL FLIP, LLC | |
| Plaintiff, | **CIVIL ACTION** |
| vs. | **NO.  2:19-CV-180-PJP** |
| AMERICAN MODERN SELECT INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT AMERICAN MODERN SELECT INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**Dated:  February 21, 2019**

**POST & SCHELL, P.C.**

By:  */S/ Steven J. Schildt, Esq.*
  **Steven J. Schildt, Esq.**
    (PA I.D.: 79011)
  **Jeffrey M. Brenner, Esq.**
    (PA I.D.: 313580)
  Four Penn Center, 13th Fl.
  1600 John F Kennedy Blvd.
  Philadelphia, PA 19103
  215-587-1089
  *Attorneys for Defendant American Modern Select Insurance Company*

## TABLE OF CONTENTS

I.     <u>INTRODUCTION AND SUMMARY OF THE ARGUMENT</u> ...................................1

II.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u> .......................................1

III.     <u>QUESTIONS PRESENTED</u> ................................................................6

IV.     <u>APPLICABLE LEGAL STANDARDS</u> ...............................................6

V.     <u>ARGUMENT</u>..................................................................................8

       A.     PLAINTIFF'S BREACH OF CONTRACT AND BAD FAITH COUNTS FAIL AS A MATTER OF LAW AS THE POLICY DOES NOT AFFORD COVERAGE FOR PROPERTY DAMAGE CAUSED BY RACCOONS..................................................................................8

       B.     COUNT II OF PLAINTIFF'S COMPLAINT FOR BAD FAITH SHOULD BE DISMISSED AS AMERICAN MODERN HAD A REASONABLE BASIS TO DENY PLAINTIFF'S CLAIM FOR COVERAGE UNDER THE POLICY. ..........................................12

       C.     PLAINTIFF PLEADS NO FACTS THAT DEMONSTRATE A RIGHT TO RELIEF UNDER 42 PA. C.S. §8371 AND THEREFORE PLAINTIFF'S BAD FAITH CLAIM SHOULD BE DISMISSED .................13

VI.     <u>CONCLUSION</u> ..............................................................................18

i

# TABLE OF AUTHORITIES

## CASES

*Allen v. State Farm Mut. Auto. Ins. Co.,*
   2015 U.S. Dist. LEXIS 30339 (E.D. Pa. Mar. 12, 2015) ........................................ 15

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................... passim

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................ 7, 14, 15, 17

*Bensalem Tp. v. International Surplus Lines Ins. Co.,*
   38 F.3d 1303 (3d Cir. 1994) ........................................................................ 9

*Bomgardner v. State Farm Fire & Cas.,*
   2010 U.S. Dist. LEXIS 96379 (E.D. Pa. Sep. 14, 2010) ....................... 12

*Cobb v. State Farm Ins. Cos.,*
   2012 U.S. Dist. LEXIS 55651 (E.D. Pa. Apr. 20, 2012) ........................... 7

*Colliers Lanard & Axilbund v. Lloyds of London,*
   458 F.3d 231 (3d Cir. 2006) ........................................................................ 9

*Early v. United States Life Ins. Co.,*
   222 Fed. Appx. 149 (3d Cir. 2007) ........................................................... 8

*Flynn v. Nationwide Insurance Company of America,*
   2014 U.S. Dist. LEXIS 91431 (M.D. Pa. July 7, 2014) ......................... 14

*Fowler v. UPMC Shadyside,*
   578 F.3d 203 (3d Cir. 2009) ............................................................. 7, 8, 17

*Gamble Farm Inn, Inc. v. Selective Ins. Co.,*
   656 A.2d 142 (Pa. Super. 1995) .................................................................. 9

*Groth v. State Farm Fire & Cas. Co.,*
   2015 U.S. Dist. LEXIS 51031 (E.D. Pa. Apr. 17, 2015) ....................... 15

*Imperial Casualty & Indem. Co. v. Terry,*
   451 S.W.2d 303 (Tex. Civ. App. 1970) .................................................. 12

*Koppers Co. v. Aetna Cas. & Sur. Co.,*
   98 F.3d 1440 (3d Cir. 1996) ........................................................................ 8

*Malleus v. George,*
   641 F.3d 560 (3d Cir. 2011) ............................................................... 8, 17

*Mattia v. Allstate Ins. Co.,*
   2014 U.S. Dist. LEXIS 86258 (E.D. Pa. June 24, 2014) ....................... 16

*Montgomery v. United Services Automobile Association*
   886 P.2d 981 (N.M. App. 1994) ........................................................ 11, 12

*Mozzo v. Progressive Ins. Co.,*
   2015 U.S. Dist. LEXIS 192 (E.D. Pa. Jan. 5, 2015) ............................. 16

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,*
   998 F.2d 1192 (3d Cir. 1993) ........................................................................ 8

*Phillips v. County of Allegheny,*
   515 F.3d 224 (3d Cir. 2008) ........................................................................ 7

*Rancosky v. Wash. Nat'l Ins. Co.,*
  170 A.3d 364 (Pa. 2017) ......................................................................................... 12, 13, 18
*Ratkovich v. Hartford Life & Accident Ins. Co.,*
  2010 U.S. Dist. LEXIS 84059 (W.D. Pa. Aug. 17, 2010) ....................................... 8
*Rea v. Motors Ins. Corp.,*
  144 P.2d 676 (N.M. 1944) ........................................................................................ 12
*Schor v. State Farm Fire & Casualty Insurance Company,*
  2015 U.S. Dist. LEXIS 33266 (E.D. Pa. Mar. 18, 2015)........................................ 14
*Smith v. State Farm Mutual Automobile Insurance Company,*
  506 F. App'x 133 (3d Cir. 2012) ............................................................................. 13
*Stack v. Hanover Insurance Company,*
  329 So. 2d 561 (Ala. App. 1976).......................................................................... 10, 12
*Standard Venetian Blind Co. v. American Empire Ins. Co.,*
  469 A.2d 563 (Pa. 1983) ........................................................................................... 9
*W. Metal Bed Co. v. Lexington Ins. Co.,*
  2007 Phila. Ct. Com. Pl. LEXIS 240 (Philadelphia Cnty. C.C.P. Aug. 29, 2007) ................... 2
*Yohn v. Nationwide Ins. Co.,*
  2013 U.S. Dist. LEXIS 80703 (M.D. Pa. Jun. 7, 2013).......................................... 14

## STATUTES

42 Pa. C.S. §8371............................................................................................................... 2, 4
42 Pa. C.S. § 8371 .............................................................................................................. 1, 6
42 Pa.C.S.A. §8371............................................................................................................. 5, 9, 16

## RULES

Fed. R. Civ. P.  8(a)(2)....................................................................................................... 7
Fed. R. Civ. P.  12(b)(6)..................................................................................................... passim

I.      **INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Defendant American Modern Select Insurance Company, by and through its undersigned counsel, Post & Schell, P.C., respectfully submits this Brief in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).   Plaintiff's Complaint should be dismissed with prejudice because as a matter of law, the insurance policy at issue in this matter does not afford coverage for Plaintiff's claim as alleged in the Complaint. The terms "vandalism" and "malicious mischief" are not ambiguous, and clearly contemplate an intent on the part of the actor—an intent which raccoons are not capable of forming.

Further, because American Modern had a reasonable basis to deny Plaintiff's claim (because raccoons cannot form the intent necessary to cause "vandalism" or "malicious mischief), there can be no bad faith on the part of American Modern.   Accordingly, Plaintiff's bad faith claim should be dismissed with prejudice as no amount of amendment can cure that reality.

Finally, Plaintiff's bad faith claim falls woefully of the factual specificity required by the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. Plaintiff's bad faith count is legally deficient, duplicative of its breach of contract count (Count I), replete with bald, unadorned legal conclusions and unsupported generalizations, and pleads **no** factual allegations in support of their claim under 42 Pa. C.S. § 8371.   For these reasons, Count II of Plaintiffs' Complaint for bad faith should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this action by way of a civil complaint filed in the Allegheny County Court of Common Pleas.   A copy of the Complaint is attached hereto as Exhibit "A." Plaintiff alleges that: "On or about April 24, 2018, the Plaintiff suffered major damage to [real

property located at 1419 Iroquois Drive, Pittsburgh, Pennsylvania (the 'Property')] resulting from raccoons that had gained entrance to the Property [the 'Loss']." Ex. A, ¶¶ 3-5. At the time of the Loss, the Property was insured by a policy of insurance issued by American Modern Select Insurance Company ("American Modern") under policy number 0850048537190 (the "Policy"). A copy of the Policy is attached hereto as Exhibit "B."

**The Policy is a Dwelling policy with limited coverage for "named perils."** In other words, coverage is limited to those perils specifically listed in the Policy, as opposed to a much more expansive, traditional Homeowners' Policy which covers any "Covered Cause of Loss." *See W. Metal Bed Co. v. Lexington Ins. Co.*, 2007 Phila. Ct. Com. Pl. LEXIS 240, at *10 n.19 (Philadelphia Cnty. C.C.P. Aug. 29, 2007) ("In contrast to a 'named perils' policy which specifically names the risks covered, an 'all risk' policy covers all risks not explicitly excluded."). In particular, the Policy only covers the following insured perils:

PERILS INSURED AGAINST

Unless the loss is excluded in the **GENERAL EXCLUSIONS**, we insure for direct physical loss to the property covered caused by:

**1. Fire or lightning.**

**2. a. Internal Explosion**, meaning explosion occurring in the dwelling or other structure covered on the Described Location or in a structure containing personal property covered.

* * * *[1]

**3. Windstorm or hail.**

* * * *

**4. Explosion.**

---

[1]   Where possible, for brevity before the Court, American Modern has omitted irrelevant policy language with "* * * *." Plaintiff does not contend these omitted portions of the Policy are implicated in his claim and American Modern does not disagree. *See* Ex. A.

\* \* \* \*

**5. Riot or civil commotion.**

**6. Aircraft,** including self-propelled missiles and spacecraft.

**7. Vehicles.**

\* \* \* \*

**8. a. Smoke**, meaning sudden and accidental damage from smoke.

\* \* \* \*

**9. Volcanic Eruption**, other than loss caused by earthquake, land shock waves or tremors.

When a Premium for Vandalism or Malicious Mischief is shown in the Declarations, the following is made part of **PERILS INSURED AGAINST**.

**10. Vandalism or malicious mischief.** This peril does not include loss:

**a.** to glass or safety glazing material constituting a part of the building other than glass building blocks;

**b.** by pilferage, theft, burglary or larceny, but we will be liable for damage to the building covered caused by burglars; or

**c.** to property on the Described Location if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant.

Ex. B, POLICY 13-14 (emphasis in original).  Thus, the Policy only affords coverage for those perils specifically enumerated in the Policy, which, in Plaintiff's case, did include the optional additional coverage for "vandalism and malicious mischief." *Id.* at POLICY 13.

Noticeably absent from those covered perils is coverage for property destroyed by animals. *See* Ex. B.  In fact, the words "animals," "rodents," "pests," and/or "raccoons" do not appear anywhere in the **PERILS INSURED AGAINST** section of the Policy. *See id.* Accordingly, because the Policy does not cover raccoons as an insured peril, American Modern issued a denial of coverage letter to Plaintiff on May 6, 2018. Ex. A, ¶¶ 6-7.  In the Complaint

3

Plaintiff claims: "Under the Policy, Plaintiff's claim is specifically insured and covered under Perils Insured Against, Page 4 Section 10, which covers Vandalism and Malicious Mischief." *Id.* at ¶ 8.

The Complaint sets forth two counts: Count I for breach of contract and Count II for insurance bad faith pursuant to 42 Pa. C.S. §8371. Ex. A. In support of Plaintiff's breach of contract count (Count I), Plaintiff alleges that:

- the Property was insured by American Modern under the Policy (Ex. A, ¶¶ 10-11) ;

- the damage to the Property caused by the raccoons is covered by the Policy under the "Vandalism or Malicious Mischief" portion of the PERILS INSURED AGAINST section of the Policy (Ex. A, ¶¶ 10-13, 19);

- in the alternative, the "Vandalism or Malicious Mischief" portion of the PERILS INSURED AGAINST section of the Policy is ambiguous (Ex. A, ¶¶ 13-15, 27);

- American Modern wrongfully denied Plaintiff's claim for damages (Ex. A, ¶¶ 24-26) and;

- All conditions precedent to recover under the Policy have been satisfied, and as a result, Defendant is in breach of contract with Plaintiff due to:

  a. Failure to fully pay Plaintiff's claim; and/or

  b. Arbitrary failure to pay Plaintiffs claim; and/or

  c. Unreasonable delay in payment of Plaintiffs claim; and/or

  d. Denial of payment due and owing under the Policy in complete disregard of Plaintiff's need for compensation for various expenses; and/or

  e. Failure to process and to pay Plaintiffs claim in the absence of a colorable justification or excuse; and/or

  f. Misconduct which forced Plaintiff to institute litigation so as to obtain consideration of its claim (Ex. A, ¶ 28).

(With respect to Plaintiff's bad faith count (Count II), Plaintiff alleges, (and alleges only):

30. Subsequent to Plaintiff suffering damage from the raccoons, Plaintiff filed with Defendant a timely damage claim in accordance with its obligation to do so pursuant to the insurance policy.

31. Defendant's letter, dated May 6, 2018, referred Plaintiff to the portion of the policy entitled "Perils Insured Against" which, in part, provides for inclusion for property damage caused by "vandalism or malicious mischief."

32. Plaintiff suffered compensable damage to its property when numerous raccoons gained entrance to it and Plaintiff reported such damage to the Defendant, in a timely manner, in accordance with its obligation to do so under the insurance policy.

33. The Policy, under the section entitled "PERILS INSURED AGAINST," provides coverage for damage to property caused by vandalism or malicious mischief. Page 4, Section 10; Dwelling Basic Property Form.

34. Further, the Policy provides coverage under any other applicable provision of the Policy.

35. Defendant has knowledge that loss occurred from raccoons gaining entrance to the property, and that the loss was specifically covered under Section 10, yet still cited ambiguous language intentionally and in bad faith to deny coverage.

36. Defendant's conduct violated its fiduciary, contractual, and/or statutory duties by acting in bad faith in violation of 42 Pa.C.S.A. §8371.

37. Defendant is in breach of contract with Plaintiff due to:

a. Failure to fully pay Plaintiff's claim; and/or

b. Arbitrary failure to pay Plaintiff's claim; and/or

c. Unreasonable delay in payment of Plaintiff's claim; and/or

d. Denial of payment due and owing under the Policy in complete disregard of Plaintiff's need for compensation for various expenses; and/or

e. Failure to process and to pay Plaintiff's claim in the absence of a colorable justification or excuse; and/or

f. Misconduct which forced Plaintiff to institute litigation so as to obtain consideration of its claim.

38. Further, Defendant's failure to provide coverage for the claim coupled with its bad faith in denying coverage for the claim is contrary both to established Pennsylvania law and the stated purpose of the underlying insurance policy itself.

Ex. A, 30-38.  American Modern has timely removed this matter to this Honorable Court.

III.   **QUESTIONS PRESENTED**

A.     Whether Plaintiff's Complaint should be dismissed with prejudice where, as a matter of law, Plaintiff is not entitled to coverage for its claim under the Policy, and therefore there could be no breach of contract or bad faith?

Suggested Answer:   Yes.

B.     Should Count II of Plaintiff's Complaint for bad faith be dismissed if there was a reasonable basis for American Modern's denial of Plaintiff's claim for benefits under the Policy?

Suggested Answer:   Yes.

C.     Whether Plaintiff's bad faith claim (Count II) should be dismissed where that claim is duplicative of its breach of contract count (Count I), replete with bald, unadorned legal conclusions and unsupported generalizations, and pleads no factual allegations in support of their claim under 42 Pa. C.S. § 8371 despite the requirements established by the Supreme Court in *Twombly* and *Iqbal*?

Suggested Answer:   Yes.

IV.   **APPLICABLE LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of a cause of action where the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), the allegations of a complaint must set forth "'sufficient factual matter' to show that the claim is facially plausible."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  These factual allegations must "raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of a cognizable legal claim.  Fed. R. Civ. P. 8(a)(2); *Fowler,*

578 F.3d at 210 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008).

Accordingly, complaints must set forth more than "threadbare, conclusory allegations" and must contain a factual basis for the claims raised therein. *See, e.g., Cobb v. State Farm Ins. Cos.*, 2012 U.S. Dist. LEXIS 55651, at *4 (E.D. Pa. Apr. 20, 2012) (dismissing bad faith claim, stating: "The threadbare, conclusory allegations of bad faith offered by Plaintiff . . . are insufficient. If Plaintiff wishes to pursue a bad faith claim at this time, she must provide sufficient factual support."). As the Supreme Court has opined, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* at 677-78 (noting that mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a claim for relief).

Consistent with these principles, this Court must undertake the following three-part inquiry when determining whether Plaintiffs have carried their pleading burden under *Twombly* and *Iqbal*: (1) identify the elements of Plaintiffs' claim in Count II; (2) review the Complaint to strike conclusory allegations; and then (3) look at the well-pleaded <u>factual</u> components of the Complaint and evaluate whether all of the elements identified in part one of the inquiry are sufficiently alleged and supported. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Fowler*, 578 F.3d at 210-11.

"[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Early v. United States Life Ins. Co.*, 222 Fed. Appx. 149, 151 n. 2 (3d Cir. 2007). Here, Plaintiff's claims are premised upon the Policy and Plaintiff attaches a copy of the Policy as an exhibit to the

Complaint. Accordingly, the Policy as attached to the instant motion may be considered by this Honorable Court in deciding the instant motion to dismiss. *See also Ratkovich v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 84059, at *3 n.3 (W.D. Pa. Aug. 17, 2010) ("The Court is permitted to consider the letters dated June 8, 2005, and January 4, 2006, in determining the motion to dismiss even though Plaintiff has not attached the letters to her complaint."). Similarly, the Court may consider matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

V.      **ARGUMENT**

    A.      **PLAINTIFF'S BREACH OF CONTRACT AND BAD FAITH COUNTS FAIL AS A MATTER OF LAW AS THE POLICY DOES NOT AFFORD COVERAGE FOR PROPERTY DAMAGE CAUSED BY RACCOONS.**

"In Pennsylvania, the insured bears the burden of proving facts that bring its claim within the policy's affirmative grant of coverage." *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1446 (3d Cir. 1996). The gist of Plaintiff's Complaint is that his real property suffered property damage "when numerous raccoons gained entrance to it and Plaintiff reported such damage to the Defendant, in a timely manner, in accordance with its obligation to do so under the insurance policy" and thereafter American Modern wrongfully "violated its fiduciary, contractual, and/or statutory duties by acting in bad faith in violation of 42 Pa.C.S.A. §8371." Ex. A, ¶¶ 32, 36.

Plaintiff argues "[t]he Policy, under the section entitled 'PERILS INSURED AGAINST,' provides coverage for damage to property caused by vandalism or malicious mischief" and that because "[t]he policy fails to define both 'vandalism' and 'malicious mischief,' this creates an issue of ambiguity as to what both terms encompass in relation to this Policy's coverage." *Id.* at ¶¶15, 33. Further, according to the Complaint, although American Modern "contends that

8

animals cannot form intent and therefore can't cause malicious mischief; . . . recent studies in animal science show just the opposite." *Id.* at ¶ 22.

American Modern agrees that the Policy does not define the terms "malicious mischief" or "vandalism." However, the mere fact that these terms are not defined by the Policy does not defacto make them ambiguous. The interpretation of an insurance contract is a question of law that is properly decided by the court. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983). In determining whether a contract is ambiguous, the court must examine the questionable term or language in the context of the entire policy and decide whether the contract is "reasonably susceptible of different constructions and capable of being understood in more than one sense." *Gamble Farm Inn, Inc. v. Selective Ins. Co.*, 656 A.2d 142, 143-44 (Pa. Super. 1995). If the terms of the policy are clear and unambiguous, the well-established rule in Pennsylvania is to give effect to the plain language of the agreement. *Bensalem Tp. v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1309 (3d Cir. 1994). "Generally, 'when interpreting an insurance policy, courts should give the policy's words their plain, ordinary meaning.'" *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006) (internal citation omitted).

Here, the terms "malicious mischief" and "vandalism" are unambiguous and not susceptible to multiple interpretations. Merriam-Webster defines the word "malicious" as "having or showing a desire to cause harm to someone : given to, marked by, or arising from malice[.]" Similarly, "vandalism" is defined by Merriam-Webster as "willful or malicious destruction or defacement of public or private property[.]" In other words, both terms, as defined in the course of the ordinary use of the English language, have a clear, unambiguous meaning and incorporate the concept of intent or a *mens rea* on the part of the actor.

Furthermore, Plaintiff's unsubstantiated and uncited claims regarding "recent studies in animal science" allegedly demonstrating animals can form intent aside, animals cannot form intent within the ordinary dictionary meaning of the terms "malicious mischief" or "vandalism." Although it appears the Third Circuit has not yet had the opportunity to explore this issue, a few courts have, and they have all concluded that animals cannot form the requisite intent to cause "malicious mischief" or "vandalism" within the meaning of an insurance policy.

In *Stack v. Hanover Insurance Company*, 329 So. 2d 561 (Ala. App. 1976), the Plaintiffs appealed from a judgment in favor of Hanover after a large deer entered the plaintiffs' home and caused extensive damage. There, the plaintiffs claimed they were entitled to coverage under their homeowners' policy, in particular, the vandalism or malicious mischief coverage. *Id.* at 561. Similar to the instant matter, there, the plaintiffs cited no caselaw "in which destruction of insured property by the independent act of an animal has been considered in relation to vandalism as defined in an insurance policy[.]" *Id.* at 562.

Considering the plaintiffs' "unique and interesting arguments," the *Stack* court "[could not] accept counsel's contentions in view of the plain and unambiguous words of the policy." *Id.* Examining the origin of the word "vandalism," and affirming the trial court, the *Stack* Court noted:

> . . . the word vandalism is derived from the Vandals, a Germanic people who in the 4th and 5th centuries overran much of Europe and Africa, willfully and purposely destroying many objects of art and literature. Webster's Third New International Dictionary defines vandalism as the "willful or malicious destruction or defacement of things of beauty or of public or private property."
>
> **An animal, such as a deer, to the human mind, and in law, is incapable of forming an intent to commit a wrongful act or to act maliciously**. An animal, nonhuman, acts or reacts instinctively without knowledge of right or wrong as defined by man.
>
> **In the popular connotation of vandalism it is clear that the destruction of plaintiffs' property by the independent action of the deer in this case does not**

**fall within the terms of the policy of insurance.** An insurance policy without ambiguity in its terms must be enforced as written.

*Id.* (emphasis added, internal citations omitted).

Similarly, in *Montgomery v. United Services Automobile Association*, 886 P.2d 981 (N.M. App. 1994), "[t]he single issue [on] appeal [was] whether damage to personal property within a dwelling, when caused by a wild animal, constitutes 'vandalism and malicious mischief' as that term is defined in a renters property and casualty policy." *Id.* at 981. There, a bobcat had entered the plaintiff's home and damaged personal property. *Id.*

The policy defined vandalism and malicious mischief as "intentional and malicious damage." *Id.* The insurer defendant denied the plaintiff's claim because destruction of property by a bobcat did not constitute "vandalism." *Id.* at 981. The trial court ruled against the plaintiff because a "bobcat cannot develop an intent or malice" as those terms are used to define "vandalism." *Id.* Similar to the instant matter, the plaintiff in *Montgomery* argued the term "vandalism" was ambiguous and that a reasonable person would expect to be covered under "vandalism" even for property damage caused by a bobcat. *Id.* at 982.

Affirming the trial court, the *Montgomery* Court noted:

> . . . **a reasonable person reading the policy would conclude that only intentional and malicious damage was covered**. . . . Even conceding the argument that "vandalism" is broadly defined in modern dictionaries to include the "ignorant" destruction of property, this would not, in our judgment, encompass damage caused by a wild animal. **Where gauged by the standard of "what a reasonable person in the position of the insured would understand," whether the term is "ignorant" damage or "malicious" damage, animals lack the mental capacity to inflict either.**

*Id.* (emphasis added, internal citations omitted); *see also Rea v. Motors Ins. Corp.*, 144 P.2d 676, 680 (N.M. 1944) (noting use of "malicious injury" in insurance clause contemplates intentional infliction of wrongful injury); *Imperial Casualty & Indem. Co. v. Terry*, 451 S.W.2d 303, 308

(Tex. Civ. App. 1970) (noting policy insuring against loss caused by "malicious mischief" must show that damage was caused by acts intended to damage the property in question).

Similar to the deer in *Stack* and the bobcat in *Montgomery*, in the instant matter, because raccoon(s) cannot form intent, they cannot engage in "malicious mischief" or "vandalism" within the ordinary meaning of those terms, and therefore there is no coverage for the loss as pled by Plaintiff. No amount of amendment can cure that defect. Accordingly, American Modern requests that the Complaint be dismissed with prejudice pursuant to Rule 12(b)(6).

**B.      COUNT II OF PLAINTIFF'S COMPLAINT FOR BAD FAITH SHOULD BE DISMISSED AS AMERICAN MODERN HAD A REASONABLE BASIS TO DENY PLAINTIFF'S CLAIM FOR COVERAGE UNDER THE POLICY.**

To succeed on a bad faith claim under § 8371, a "plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). It is axiomatic, therefore, that when an insurer had a reasonable basis to deny a claim, there can be no bad faith. *Bomgardner v. State Farm Fire & Cas.*, 2010 U.S. Dist. LEXIS 96379, at *15 (E.D. Pa. Sep. 14, 2010) ("SFFC's denial of Bomgardner's claim was not only reasonable, but proper under Pennsylvania law. Because SFFC had a reasonable basis for denying coverage, Bomgardner's claim for recovery under § 8371 must fail.").

In the instant matter, as discussed above, American Modern had a reasonable basis to deny Plaintiff's claim as the Policy simply affords no coverage for property damage caused by raccoons. Accordingly, because American Modern had a reasonable basis to deny that claim, there can be no bad faith. *See Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

Therefore, Count II of Plaintiff's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

### C.   PLAINTIFF PLEADS NO FACTS THAT DEMONSTRATE A RIGHT TO RELIEF UNDER 42 PA. C.S. § 8371 AND THEREFORE PLAINTIFF'S BAD FAITH CLAIM SHOULD BE DISMISSED.

To succeed on a bad faith claim under § 8371, a "plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

In the instant matter, the allegations that purport to demonstrate American Modern's alleged "bad faith" are exactly the type of "formulaic recitation" of the elements of a claim that the Third Circuit and this Court have found insufficient to survive a challenge under Rule 12(b)(6). For example, in *Smith v. State Farm Mutual Automobile Insurance Company*, 506 F. App'x 133, 136 (3d Cir. 2012), the plaintiff alleged a bad faith action under § 8371. In support of his bad faith claim, the plaintiff—like Plaintiff here—included a "laundry list" of alleged bad faith conduct, but provided no factual support to demonstrate the applicability of the laundry list's allegations to his case. *See id.* at 136-37. As the court held:

> On its face, Smith's complaint (to which was attached copies of the parties' correspondence) fails to allege a legally sufficient cause of action for bad faith under § 8371. The complaint consists of conclusory statements unsupported by facts—State Farm, e.g., "breach[ed] covenants of good faith and fair dealing," (Compl. ¶ 62(r)), and "engag[ed] in unfair settlement negotiations." (Compl. ¶ 62(u)). There are no details describing what was unfair about the negotiations. Similarly, Smith simply asserts that State Farm "intentionally misrepresent[ed] coverage in the policy," (Compl. ¶ 62(d)), and "misrepresent[ed] facts and its evaluation of Plaintiff's claim," (Compl. ¶ 62(k)), without explaining what those misrepresentations may have been.

*Id.* The Third Circuit therefore upheld the district court's dismissal of the bad faith claim pursuant to Rule 12(b)(6). *Id.*

Similarly, in in *Flynn v. Nationwide Insurance Company of America*, 2014 U.S. Dist. LEXIS 91431 (M.D. Pa. July 7, 2014), the Court was called upon to determine whether the plaintiff had sufficiently pleaded a bad faith claim according to the guidelines set forth in *Twombly* and *Iqbal*. The *Flynn* Court held that the plaintiff's general list of fifteen alleged acts of bad faith—none of which contained any further factual averments—was insufficient to survive a motion under Rule 12(b)(6):

> Plaintiffs allege that defendant engaged in bad faith by listing no fewer than fifteen acts. These include "failing objectively and fairly to evaluate plaintiffs' claim," "failing to adopt and implement reasonable standards in evaluating plaintiffs' claim," "failing to promptly offer reasonably payments to the plaintiffs," and "failing to make an honest, intelligent, and objective settlement offer." ... These fifteen allegations are purely conclusory legal statements, and are not factual allegations sufficient to make out plaintiff's claim for bad faith. ... For instance, plaintiffs claim that Nationwide engaged in "abusive claims handling" without explaining what the abusive behavior was. Plaintiffs also make the perfunctory allegation that Nationwide's payment offers weren't reasonable, but does not disclose what those offers were, what his damages were, or how defendant's offers were inadequate and unreasonable. These legal conclusions do not provide adequate support to make a plausible claim for bad faith.

*Id.* at **8-10; *see also Yohn v. Nationwide Ins. Co.*, 2013 U.S. Dist. LEXIS 80703, at **13-20 (M.D. Pa. Jun. 7, 2013) (dismissing bad faith claim with a similar list of conclusory allegations, and citing several cases reaching similar conclusions).

Likewise, in *Schor v. State Farm Fire & Casualty Insurance Company*, 2015 U.S. Dist. LEXIS 33266 (E.D. Pa. Mar. 18, 2015), the court held that the plaintiff's bad faith claim alleged, "in cursory fashion only, that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, without providing any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits." *Id.* at **11-13. The court determined that such allegations—like those in the several other cases cited by the court in its opinion—were insufficient to state a bad faith claim: "Although such assertions perhaps suggest that a bad faith claim is *possible*, they do not

allow for any non-speculative inference that a finding of bad faith is *plausible*. The Rule 12(b)(6)

standards, as interpreted by *Twombly* and *Iqbal*, require more." *Id.* at *13 (emphasis in original).

The court therefore granted the defendant's motion to dismiss. *Id.*

Similarly, in *Williams v. USAA Casualty Insurance Company*, 2015 U.S. Dist. LEXIS

11707 (E.D. Pa. Jan. 30, 2015), the court dismissed the plaintiff's bad faith claim—with

prejudice—pursuant to *Twombly* and *Iqbal*, having found that the allegations in the complaint

were "solely conclusory," and that "[t]here are no factual allegations sufficient to make out

Plaintiffs' claim for bad faith." *Id.* at **6-7. According to the court:

> In the Complaint, Plaintiffs allege that Defendant failed to "objectively and fairly
> evaluate Plaintiffs' claims," failed to "implement reasonable standards in
> evaluating Plaintiffs' claim," "acted unreasonably and unfairly in response to
> Plaintiffs' claim," failed to attempt "in good faith to effectuate a fair, prompt and
> equitable settlement of Plaintiffs' claim. ... Plaintiffs do not allege facts necessary
> to demonstrate what Defendant's actions actually were, why they were unfair or
> unreasonable, how such actions were carried out, or when such unreasonable or
> dilatory delay occurred.
>
>                              .        .        .
>
> Plaintiffs present only legal conclusions which are not entitled to deference.
> Plaintiffs do not allege facts that tend to show that Defendant did not have a
> reasonable basis for denying the claim or that Defendant showed reckless
> disregard for said lack of reasonable basis. Plaintiffs' "bare-bones" conclusory
> allegations do not state a plausible bad faith claim.

*Id. See also Groth v. State Farm Fire & Cas. Co.*, 2015 U.S. Dist. LEXIS 51031, at *6 (E.D. Pa.

Apr. 17, 2015); *Allen v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 30339, at *6

(E.D. Pa. Mar. 12, 2015); *Mozzo v. Progressive Ins. Co.*, 2015 U.S. Dist. LEXIS 192, at *8 (E.D.

Pa. Jan. 5, 2015); *Mattia v. Allstate Ins. Co.*, 2014 U.S. Dist. LEXIS 86258, at *12 (E.D. Pa. June

24, 2014).

Like the pleadings at issue in the cases set forth above, Plaintiff's Complaint in the

instant matter is replete with general, conclusory statements of alleged bad faith conduct, but

provides no **factual** allegations to support his claims.  With respect to Plaintiff's bad faith claim,

Plaintiff alleges (and alleges only):

30. Subsequent to Plaintiff suffering damage from the raccoons, Plaintiff filed with Defendant a timely damage claim in accordance with its obligation to do so pursuant to the insurance policy.

31. Defendant's letter, dated May 6, 2018, referred Plaintiff to the portion of the policy entitled "Perils Insured Against" which, in part, provides for inclusion for property damage caused by "vandalism or malicious mischief."

32. Plaintiff suffered compensable damage to its property when numerous raccoons gained entrance to it and Plaintiff reported such damage to the Defendant, in a timely manner, in accordance with its obligation to do so under the insurance policy.

33. The Policy, under the section entitled "PERILS INSURED AGAINST," provides coverage for damage to property caused by vandalism or malicious mischief. Page 4, Section 10; Dwelling Basic Property Form.

34. Further, the Policy provides coverage under any other applicable provision of the Policy.

35. Defendant has knowledge that loss occurred from raccoons gaining entrance to the property, and that the loss was specifically covered under Section 10, yet still cited ambiguous language intentionally and in bad faith to deny coverage.

36. Defendant's conduct violated its fiduciary, contractual, and/or statutory duties by acting in bad faith in violation of 42 Pa.C.S.A. §8371.

37. Defendant is in breach of contract with Plaintiff due to:

a. Failure to fully pay Plaintiff's claim; and/or

b. Arbitrary failure to pay Plaintiff's claim; and/or

c. Unreasonable delay in payment of Plaintiff's claim; and/or

d. Denial of payment due and owing under the Policy in complete disregard of Plaintiff's need for compensation for various expenses; and/or

e. Failure to process and to pay Plaintiff's claim in the absence of a colorable justification or excuse; and/or

f. Misconduct which forced Plaintiff to institute litigation so as to obtain consideration of its claim.

16

38. Further, Defendant's failure to provide coverage for the claim coupled with its bad faith in denying coverage for the claim is contrary both to established Pennsylvania law and the stated purpose of the underlying insurance policy itself.

Ex. A, ¶¶ 30-38.

These claims are legal conclusions, and must be disregarded when determining whether Plaintiffs' bad faith claim meets the pleading threshold established by *Twombly* and *Iqbal*. *See Malleus*, 641 F.3d at 563; *Fowler*, 578 F.3d at 210-11. Indeed, Plaintiffs' Complaint contains **no** factual allegations relating to American Modern's handling of Plaintiff's claim aside from denying it. Neither the body of the Complaint nor the allegations of bad faith claim in Count II contain any allegations of **fact** regarding American Modern's conduct when handling Plaintiff's claim or any **facts** that support Plaintiff's contention that American Modern violated § 8371. *See* Ex. A.

The only other allegations set forth by Plaintiff in support of his bad faith claim are those contained in the laundry list set forth in Paragraph 37. In this Paragraph, Plaintiff alleges that:

37. Defendant is in breach of contract with Plaintiff due to:

a. Failure to fully pay Plaintiff's claim; and/or

b. Arbitrary failure to pay Plaintiff's claim; and/or

c. Unreasonable delay in payment of Plaintiff's claim; and/or

d. Denial of payment due and owing under the Policy in complete disregard of Plaintiff's need for compensation for various expenses; and/or

e. Failure to process and to pay Plaintiff's claim in the absence of a colorable justification or excuse; and/or

f. Misconduct which forced Plaintiff to institute litigation so as to obtain consideration of its claim.

Ex. A, ¶ 37.

17

As with Plaintiff's other allegations of bad faith, however, these allegations are merely boilerplate, conclusory statements of general conduct that **might** be bad faith in **some** hypothetical factual circumstances. However, Plaintiff pleads no **facts** to tie these allegations to American Modern's alleged conduct **in this case** or to relate them to the two-part *Rancosky* test. In fact, Plaintiff's laundry list of alleged wrongdoings in support of his bad faith claim is identical to the laundry list of boilerplate allegations in support of his breach of contract claim in Count I. *See id.* at ¶¶ 28, 37.

Thus, in accordance with the Third Circuit's holdings, these unsupported conclusory statements must likewise be disregarded. Thus, once stripped of its bald legal conclusions and unsupported, conclusory statements, it is clear that the Complaint does not contain **any** allegations of actual **fact.** Rather, Plaintiff's bad faith claim is supported by nothing more than mere "labels and conclusions" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677-78. Accordingly, Count II should be dismissed pursuant to Rule 12(b)(6).

## VI.    CONCLUSION

For the reasons set forth herein, American Modern respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6), or, in the alternative, dismissing Count II of the Complaint pursuant to Rule 12(b)(6).

Dated:  February 21, 2019                         POST & SCHELL, P.C.


                                        By:     /S/ Steven J. Schildt, Esq.
                                                Steven J. Schildt, Esq.
                                                    (PA I.D.: 79011)
                                                Jeffrey M. Brenner, Esq.
                                                    (PA I.D.: 313580)
                                                Four Penn Center, 13th Fl.
                                                1600 John F Kennedy Blvd.
                                                Philadelphia, PA 19103
                                                215-587-1089
                                                Attorneys for Defendant American Modern
                                                Select Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

Jeffrey M. Brenner, attorney for Defendant, hereby certifies that on the date set forth below he caused the attached <u>Motion to Dismiss Plaintiff's Complaint, Brief in support thereof, and proposed Order</u> to be electronically filed with the Court.  Service of same will be made upon all counsel of record via the Court's Electronic Filing System.

Dated:  **February 21, 2019**                    **POST & SCHELL, P.C.**


By:      */S/ Steven J. Schildt, Esq.*
             **Steven J. Schildt, Esq.**
                (PA I.D.: 79011)
             **Jeffrey M. Brenner, Esq.**
                (PA I.D.: 313580)
             Four Penn Center, 13th Fl.
             1600 John F Kennedy Blvd.
             Philadelphia, PA 19103
             215-587-1089
             *Attorneys for Defendant American Modern*
             *Select Insurance Company*