UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPITAL FLIP, LLC | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 2:19-CV-180-PJP |
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT AMERICAN MODERN SELECT INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P.12(b)(6)**

**AND NOW,** comes Plaintiff Capital Flip, LLC, by and through its undersigned counsel, Sommer Law Group, P.C., hereby respectfully submits this Brief in Opposition to Defendant's Brief in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and as such, avers as follows:

**I. STANDARD OF REVIEW**

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. *See* California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986).

Therefore, as explained and clarified by the United States Court of Appeals for the Third Circuit in the *Phillips* case:

> In determining how *Twombly* has changed [the Rule 12(b)(6)] standard, we start with what *Twombly* expressly leaves intact. The Supreme Court reaffirmed that Fed.R.Civ.P. 8 " 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " and that this standard does not require "detailed factual allegations." *Twombly,* 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 31, 47 (1957)]. The Supreme Court also reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See id. at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the plaintiff, but we do not read its decision to undermine that principle.. . . First, . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " Id. at 1966.
> 
> \* \* \*
> 
> Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules. "Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.")

In summation, it is without argument that the Federal Rules of Civil Procedure require "notice pleadings" which must assert some averment of fact in order to properly "notice" a Defendant as to the manner and type of litigation promulgated against them. To survive a Rule

12(b) Motion to Dismiss, the complaint must assert a plausible claim, and set forth sufficient factual allegations to support the claim. Ascroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-1950, 173 L.Ed.2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To satisfy the standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. Id. (citing *Twombly*, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id*.

The Commonwealth of Pennsylvania requires *more* than mere notice for a Complaint in Civil Action to satisfy its rules of civil procedure. Pennsylvania Rule of Civil Procedure 1019(a) specifically provides that "[t]he material facts on which a cause of action . . . is based shall be stated in a concise and summary form." "The purpose of Rule 1019(a) is to require the pleader to disclose the 'material facts' sufficient to enable the adverse party to prepare his case." Landau v. W. Pa. Nat'l Bank, 445 Pa. 217, 225, 282 A.2d 335, 339 (1971). The Pennsylvania Supreme Court in McShea v. City of Philadelphia, 606 Pa. 88, 995 A.2d 334 (2010), explained that "Pennsylvania is a fact-pleading state. 'As a minimum, a pleader must set forth concisely the facts upon which his cause of action is based.' The complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *McShea*, 606 Pa. at 96, 995 A.2d at 339 (quoting Line Lexington Lumber &Millwork Co., Inc. v. Pa. Publishing Corp., 451 Pa. 154, 162, 301 A.2d 684, 688 (1973)). In other words, a

complaint must "formulate the issues by summarizing those facts essential to support the claim." Richardson v. Wetzel, (Pa. Cmwlth., No. 2359 C.D. 2012, filed August 6, 2013), slip op. at 5 (quoting Sevin v. Kelshaw, 611 A.2d 1232, 1235 (Pa. Super. 1992)). As a "fact pleading" jurisdiction, our (Pennsylvanian) "courts are presumed to know the law, and plaintiffs need only plead facts constituting the cause of action, and the courts will take judicial notice of the statute involved." Heinly v. Cmwlth., 621 A.2d 1212, 1215 n.5 (Pa. Cmwlth. 1993). Plaintiffs need only plead the facts and not the "legal theory or theories underlying the complaint." Id.

Plaintiff's Complaint was filed in Pennsylvania and removed to Federal Court by the Defendant, and for that reason Plaintiff's Complaint was drafted to satisfy the rules of a jurisdiction that require fact-based pleadings and should, and does, give all notice required by the Federal Rules of Civil Procedure.

## II. QUESTIONS PRESENTED

A. Whether Plaintiff's Complaint should be dismissed with prejudice where, as a matter of law, Plaintiff is not entitled to coverage for its claim under the policy, and therefore there could be no breach of contract or bad faith?

**Suggested Answer: No**

B. Should County II of Plaintiff's Complaint for bad faith be dismissed if there was a reasonable basis for American Modern's denial of Plaintiff's claim for benefits under the policy?

**Suggested Answer: No**

C. Whether Plaintiff's bad faith claim (Count II) should be dismissed where that claim is duplicative of its breach of contract count (Count I), replete with bald, unadorned legal conclusions and unsupported generalizations, and pleads no factual allegations in support of their claim under 42 Pa. C.S. § 8371 despite the requirements stabled by the Supreme Court in *Twombly* and *Iqbal*?

**Suggested Answer: No**

## III. SUMMARY OF ARGUMENT

Plaintiff Capital Flip, LLC, by and through its undersigned counsel, Sommer Law Group, P.C., respectfully submits this Brief in Opposition to Defendants Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion should be denied as a matter of law because Defendant's insurance policy contains the terms "vandalism" and "malicious mischief" which are not defined within the Policy.

Furthermore, this is a case of first impression in the Commonwealth of Pennsylvania and, as such, the lack of citable authority to support Plaintiff's assertions do not give rise, in and of itself, to the granting of Defendants Motion as a matter of law.

Also, Plaintiff has pled its Complaint under the fact based pleading requirement of the Commonwealth of Pennsylvania, which is even more strenuous than that which is required by the Federal Rules. As a result, Plaintiff has pled averments of fact sufficient to sustain its Complaint in Civil Action and, as such, Defendants Motion should be dismissed.

Finally, the Plaintiff has alleged, in Count II of their Complaint in Civil Action that the Defendant has acted in bad faith in their denial of Plaintiff's insurance claim. The Plaintiff has properly pled facts which are conducive to supporting these allegations; namely that the Defendant was aware the terms upon which it relied in its denial of Plaintiff claim were ambiguous and, therefore, such a denial was unreasonable and done in bad faith.

## IV. ARGUMENT

A. **DEFENDANT'S ASSERTION THAT PLAINTIFF'S BREACH OF CONTRACT AND BAD FAITH COUNTS FAIL AS A MATTER OF LAW AS THE POLICY DOES NOT AFFORD COVERAGE FOR PROPERTY DAMAGE CAUSED BY RACCOONS IS CLEARLY ERRONEOUS AND SHOULD BE DENIED**

Defendant, American Model Insurance Company has, on page 9 of their brief in support of their Motion to Dismiss under Rule 12(b)(6), admitted that the terms "*malicious mischief*" and "*vandalism*" are undefined within the Policy issued to the Plaintiff. Additionally, no exclusion is present in the policy issued by the Defendant which would limit Plaintiffs claim of vandalism and malicious mischief caused by animals. Plaintiff asserts that these terms, taken without definition or exclusion, are ambiguous, and must be taken in a light most favorable to the Plaintiff.

It is well settled that a provision of an insurance policy is ambiguous if reasonably intelligent persons could differ as to their interpretations. Jefferson v. State Farm Ins., 380 Pa.Super. 167, 168, 551 A.2d 283, 284 (1988). Furthermore, "[a]n ambiguity exists only when a policy provision is reasonably susceptible of more than one meaning." Ryan Homes, Inc. v. Home Indemnity Co., 436 Pa.Super. 342, 346, 647 A.2d 939, 941 (1994), appeal denied, 540 Pa. 621, 657 A.2d 491 (1995). If the provisions of a policy are ambiguous, however, the ambiguous provision is "construed in favor of the insured and against the insurer, the drafter of the instrument." Bateman v. Motorists Mut. Ins. Co., 527 Pa. 241, 244, 590 A.2d 281, 283 (1991).

It is important to note that, "where the contract terms are ambiguous and susceptible of more than one reasonable interpretation, however, the court is free to receive extrinsic evidence, i.e., parol evidence, to resolve the ambiguity." Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79 (3d Cir. 2001), 247 F.3d at 93 (quoting *Krizovensky*, 624 A.2d at 642). That being said, "because Pennsylvania presumes that the writing conveys the parties' intent,"

*Bohler Uddeholm*, 247 F.3d at 93, a contract is ambiguous "if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning." Id. (quoting Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 614 (3d Cir.1995)). See also Samuel Rappaport Family P'ship v. Meridian Bank, 657 A.2d 17, 21 (Pa. Super. Ct. 1995).

Defendant American Modern has asserted that the terms "malicious mischief" and "vandalism" are unambiguous in that those terms require intent. Nowhere in the Policy executed between the parties is intent included as a definition to the above referenced terms. Indeed, Defendant cites the matter of Montgomery v. United Services Automobile Association, 886 P.2d 981 (N.M App. 1994) as support for their assertion as to the unambiguous nature of "malicious mischief" and "vandalism." Upon close inspection, however, this case is clearly demonstrative of the proposition propounded by the Plaintiff as the terms "malicious mischief" and "vandalism" *were* defined by the Defendant in the above referenced matter and *were not* been defined by the herein Defendant.

The Defendant in *Montgomery* issued an insurance policy where vandalism and malicious mischief were defined as "intentional and malicious damage" 886 P.2d 981 (N.M App. 1994). The Plaintiff agrees that such definition is clear and unambiguous. Plaintiff also asserts that no such clear definition is a part of the herein Policy at issue. The Court in Montgomery goes along and, after all the evidence has been considered, to find that an animal cannot be a vandal. This discussion is extraneous to the Motion before the Court and cannot occur this day, in this forum because, as the Defendants are quite right to point out, the ability of an animal to be considered a vandal is a case of first impression in Pennsylvania. A case of first impression must

not be dismissed on a 12(b)(6) Motion due to a lack of authority, as such a dismissal would be erroneous as the lack of authority does not prohibit adjudication by a finder of fact. Furthermore, this is especially true when that case is supported by evidence which proves that the Defendants' Policy neither defines vandalism and malicious mischief in any form whatsoever, nor does it provide any exclusions applicable to the present matter.

In Pennsylvania, 'a latent ambiguity arises from extraneous or collateral facts which make the meaning of a written agreement uncertain although the language thereof, on its face, appears clear and unambiguous. *Bohler Uddeholm*, 247 F.3d at 93 (quoting *Duquesne Light*, 66 F.3d at 614). Importantly, "[a] party may use extrinsic evidence to support its claim of latent ambiguity, but this evidence must show that some specific term or terms in the contract are ambiguous; it cannot simply show that the parties intended something different that was not incorporated into the contract." *Id.*, 247 F.3d at 93.

Equally important, the *Bohler-Uddeholm* court thus noted that "a court should determine whether the type of extrinsic evidence offered could be used to support a reasonable alternative interpretation under the precepts of Pennsylvania law on contract interpretation." 247 F.3d at 94. Accordingly, "the key inquiry in this context will likely be whether the proffered extrinsic evidence is about the parties' objectively manifested 'linguistic reference' regarding the terms of the contract, or is instead merely about their expectations." Id. n.3. "The former is the right type of extrinsic evidence for establishing latent ambiguity under Pennsylvania law, while the latter is not." Id n.3.

Also evidencing this ambiguity is the lack of any exclusion present in the policy issued by the Defendant which would limit Plaintiffs claim of vandalism and malicious mischief. Furthermore, plead in the alternative within Plaintiff's Complaint, in the off chance some sort of

intent would be necessary, are references to new scientific studies which show that animals can, and do, formulate intent in their actions.

Here the Plaintiff has plead a fact based Complaint in Civil Action under the applicable Rules of Civil Procedure of the Commonwealth of Pennsylvania. Such a fact based pleading fully complies with, and, indeed, exceeds the requirements of the applicable notice based pleading of the Federal Rules of Civil Procedure. As such, the Defendant in this action is fully noticed of the full force and effect of the Plaintiffs legal cause of action.

Additionally, as is acknowledged by the Defendant, the facts and allegations asserted by Defendant's Complaint is a question of first impression in the Commonwealth of Pennsylvania. It simply cannot be that by being a matter of first impression a matter shall then be held as invalid and strikeable by a 12(b)(6) Motion solely based on the lack of any actionable law or authority.

Finally, it is uncontested that the Defendant failed to define or provide exclusions for material terms included within their insurance Policy. As such, Plaintiff and Defendant, originating at the time of contract and continuing to the present, hold differing views as to the definition and applicability of those material terms. Based upon Pennsylvania Law, the Plaintiff will have the right to present extrinsic evidence, engage in discovery, and present the full depth and breadth of their legal position, when, and if, the Defendant challenges their assertions as a matter of law. Therefore, the reasonableness, legal sufficiency, and interpretations asserted by the Plaintiff must be held sufficient for a Pleading under the Federal Rules of Civil Procedure and, by extension, the Pennsylvania rules of Civil Procedure.

B.  **DEFENDANT'S ASSERTION THAT PLAINTIFF'S COMPLAINT FOR BAD FAITH SHOULD BE DISMISSED AS AMERICAN MODERN HAD A REASONABLE BASIS TO DENY PLAINTIFF'S CLAIM FOR COVERAGE UNDER THE POLICY IS CLEARLY ERRONEOUS AND SHOULD BE DENIED**

Defendant American Modern asserts that Count II of Plaintiff's Complaint in Civil Action should be dismissed because Defendant had a "reasonable basis" to deny Plaintiff's Claim.

It has long been Pennsylvania law that an insurance company's transactions with its insured's should be performed with the "utmost fair dealing." Fedas v. Ins. Co. of Pa., 151 A. 285, 286 (Pa. 1930). An insurance carrier will be liable in an action for bad faith where they"(1) did not have a reasonable basis for denying benefits under the policy; and (2) defendant (insurer) knew or recklessly disregarded its lack of reasonable basis in denying the claim." The Superior Court further stated that, "[f]or purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence is not bad faith." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680 (Pa.Super. 1994). Finally, the Pennsylvania Supreme Court has recently decided that proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under 42 Pa.C.S. section 8371. Rancosky v. Washington National Ins. Co. 170 A. 3d 364 -Pa: Supreme Court 2017.

Defendants argue that they have a reasonable basis to deny Plaintiff's claim despite failing to produce any averment of fact to support this assertion. Again, referencing the proceeding argument, the Federal Rules of Civil Procedure require Notice Pleadings; here, both sides herein clearly understand the legal theories raised by the factual aversions of the Plaintiffs'

Complaint. Plaintiff does not have to plead any specific motive or ill-will to support their assertion of bad faith. Plaintiff has alleged that the Defendant, in failing to define their policy, had no reasonable basis to deny coverage for the damages suffered. Plaintiffs' bad faith claim must survive the Defendants 12(b)(6) Motion.

C. **DEFENDANT'S ASSERTION THAT PLAINTIFF PLEADS NO FACTS THAT DEMONSTRATE A RIGHT TO RELIEF UNDER 42 PA. C.C. § 8371 AND THEREFORE PLAINTIFF'S BAD FAITH CLAIM SHOUD BE DISMISSED IS CLEARLY ERRONEOUS AND SHOULD BE    DENIED**

Plaintiff has asserted facts which are sufficient to satisfy the two part test in <u>Terletsky v. Prudential Prop. & Cas. Ins. Co</u>., 649 A.2d 680 (Pa.Super. 1994) and confirmed in <u>Rancosky v. Washington National Ins. Co</u>. 170 A. 3d 364 (Pa. Supreme Court 2017).

Plaintiff has identified the factual basis upon which his contention arises, namely that the Defendant acted in bad faith in denying Plaintiff's insurance claim. The key fact alleged is that the Policy itself was ambiguous, and that this ambiguity was known and intentionally or recklessly ignored by the Defendant in their denial of the Plaintiff's insurance claim. This has been properly pled in paragraph 35 of Plaintiff's Complaint in Civil Action, which reads as follows:

> 35.    Defendant has knowledge that loss occurred from raccoons gaining entrance to the property, and that the loss was specifically covered under Section 10, yet still cited ambiguous language intentionally and in bad faith to deny coverage.

Plaintiffs Complaint also identifies the specific section at issue, Section 10 of the Policy and acknowledges that the Defendant referenced this in a 6 May 2018 letter to the Plaintiff.

Taken as a whole, these factual averments are more than enough to satisfy the requirements of the two part test as the Defendant did not have a reasonable basis for denying benefits under the policy due to its knowledge of the ambiguous language contained in Section

10 of the Policy and also that the Defendant knew or recklessly disregarded knowledge of this ambiguity in their denial of Plaintiffs claim.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff Capital Flip, LLC, respectfully requests that this Court an Order Denying Defendants Rule 12(b)(6) Motion, or, in the alternative, granting Plaintiff leave of Court to amend any sections offensive to the sensibilities of the Court.

Respectfully submitted,

BY:  /s/ Brad N. Sommer
Brad N. Sommer, Esquire
PA ID: 87312
bns@sommerlawgroup.com

## CERTIFICATE OF SERVICE

Brad Sommer, Attorney for Plaintiff, hereby certifies that a true and correct copy of the foregoing Reply to Defendants Motion to Dismiss and Brief in Support and proposed Order was filed with the Court electronically. Service of the same will be made upon all counsel of record via the Court's Electronic Filing System.

                                                    Respectfully submitted,

BY:   /s/ Brad N. Sommer
         Brad N. Sommer, Esquire
         PA ID: 87312
         bns@sommerlawgroup.com