IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPITAL FLIP, LLC<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN MODERN SELECT<br>INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>NO.  2:19-CV-180-PJP |

**DEFENDANT AMERICAN MODERN SELECT INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant American Modern Select Insurance Company, by and through its undersigned counsel, Post & Schell, P.C., respectfully submits this Reply Brief in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and avers as follows:

    **A.**    **Undefined Terms In An Insurance Policy Does Not Mean Those Terms Are Ambiguous.**

Plaintiff's Response attempts to make much to do about the fact "vandalism" and "malicious mischief" are not defined terms in the Policy, and from there, attempts to argue that it should be assumed that because these terms are not defined, they are ambiguous. *See* Pl. Resp. Br. at p. 6/13.[1] "**A policy term or phrase is not, however, necessarily ambiguous because it is not defined.**" *Heebner v. Nationwide Ins. Enter.*, 818 F. Supp. 2d 853, 857 (E.D. Pa. 2011) (citing *Telecomms. Network Design & Paradise Distrib. v. Brethren Mut. Ins. Co.*, 5 A.3d 331, 336-37 (Pa. Super. 2010) (finding that, although the word "privacy" was "not defined and

---

[1] American Modern refers to page numbers as they are listed on the ECF stamp at the top of the page as Plaintiff has not separately paginated his Brief.

[could] imply several meanings," it was not ambiguous because the meaning was clear when read in the context of the policy); *Wall Rose Mut. Ins. Co. v. Manross*, 939 A.2d 958, 964 (Pa. Super. 2007) ("Although the term 'resident' is not defined in the policy, we do not find it to be ambiguous.") (emphasis added)); *White v. W. Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 99034, at *14 (M.D. Pa. Dec. 5, 2008) ("The Plaintiffs argue that the term 'surface water' in the Water Damage Exclusion is not defined, is ambiguous, and must be construed in a manner most favorable to them. While the Court must construe ambiguous terms in an insurance policy in a manner most favorable to the Plaintiffs, the term 'surface water' as contained in the instant policy is not an ambiguous term under Pennsylvania law.").

As Plaintiff correctly points out, "contractual terms are ambiguous if they are subject to more than one **reasonable interpretation** when applied to a particular set of facts." *USX Corp. v. Adriatic Ins. Co.*, 99 F. Supp. 2d 593, 610 (W.D. Pa. 2000) (emphasis added). "Determining whether specific policy language is susceptible of different reasonable constructions is not to be done in a vacuum." *Id.* at 609-10 (citing *Madison Construction Co. v. Harleysville Mutual Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999)). "In performing the inquiry the court is not permitted to distort the meaning of the language or employ a strained contrivance in order to create an ambiguity." *Id.* at 610. "[C]ourts must not read ambiguity into insurance contracts." *KA Together, Inc. v. Aspen Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 12184, at *12 (E.D. Pa. Jan. 24, 2019).

"In this regard, 'a policy which is otherwise clear is not rendered ambiguous simply because it requires the insured to read the policy thoroughly and carefully.'" *In re Tex. E. Transmission Corp.*, 870 F. Supp. 1293, 1306 (E.D. Pa. 1992) (citing *Labatt Co. v. Hartford Lloyd's Ins. Co.*, 776 S.W.2d 795, 800 (Tex. Ct. App. 1989)). "**Additionally, mere**

**disagreement over the interpretation of an instrument does not make it ambiguous.**" *Id.* (emphasis added).

By claiming the terms "vandalism" and "malicious mischief" are ambiguous simply because they are undefined by the Policy, Plaintiff is requesting that the Court "distort the meaning of the language or employ a strained contrivance in order to create an ambiguity." *See id.* The step Plaintiff skips in the analysis is the one he acknowledges exists—that the term(s) be "subject to more than one **reasonable interpretation** when applied to a particular set of facts." *See USX Corp.*, 99 F. Supp. 2d at 610 (emphasis added).

Under the *Madison* framework, before a term can be considered ambiguous, the term must be capable of "different **reasonable** constructions." *See id.* at 609-10 (emphasis added). To conclude that the terms "vandalism" and "malicious mischief" does not require intent on the part of the actor, and can be performed by wild raccoons, is simply not a **reasonable interpretation** of the terms as they are used by ordinary people in society. *See id.*

By way of example, the policy potential covers property damage for windstorm or hail as an insured peril. (*See* Ex. B to Mot. to Dismiss, POLICY 13). That insured peril potentially excludes coverage for property damage caused by windstorm or hail to an insured's canoes. *See id.* It does not logically follow that because "canoes" is not defined by the policy, that coverage would extend to an insured's luxury yacht simply because they are both boats. In other words, the fact "canoes" is not defined by the policy does not mean it is ambiguous. On the contrary, the policy need not define the word "canoes" because the word "canoes" has a generally accepted, reasonable interpretation, as does a "yacht," and they are generally accepted to be different from each other by ordinary, reasonable people.

Similarly, in the instant matter, the policy need not define the terms "vandalism" and "malicious mischief" as they are not "subject to more than one **reasonable interpretation** when

applied to a particular set of facts." *See USX Corp.*, 99 F. Supp. 2d at 610 (emphasis added). Accordingly, simply because the terms "vandalism" and "malicious mischief" are not defined by the Policy does not mean they are ambiguous, and does not mean the Court needs to entertain Plaintiff's request to "distort the meaning of the language or employ a strained contrivance in order to create an ambiguity." *See id.* For this reason alone, American Modern's Motion to Dismiss should be granted.

> **B. Similarly, The Fact The Policy Does Not Contain A "Raccoon Exclusion" Does Not Make The Terms "Vandalism" And "Malicious Mischief" Ambiguous.**

Similarly, Plaintiff's Response attempts to argue that because the Policy does not contain a specific exclusion for raccoons, or similar wild creatures, that somehow evidences ambiguity in the terms "vandalism" and "malicious mischief." Pl. Resp. Br. at p. 8/13. Not surprisingly, Plaintiff cites to no legal authority to support this proposition. *See id.* That is not surprising, because the argument leads to an absurd consequence—by Plaintiff's logic, anything that is not specifically excluded (raccoons), is included in coverage.[2] That is simply not possible, or required by law. *See Catlin Specialty Ins. Co. v. J.J. White, Inc.*, 309 F. Supp. 3d 345, 363-64 (E.D. Pa. 2018) (citing *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 257 (S.D.N.Y. 2013)) ("Federal courts applying New York law have noted that 'determining whether there is no coverage by reason of exclusion as opposed to lack of inclusion can be problematic,' because 'any language providing coverage for certain events of necessity implicitly excludes other events.' Thus, 'in distinguishing between exclusions and lack of coverage courts should consider whether the claimed loss was initially covered by the policy and only became uncovered upon the happening of a subsequent event, or whether it was never covered in the first

---

[2] This in turn leads to the absurd consequence that insurance policies would be infinitely longer and more confusing to insureds as literally every word in the Policy would need to be defined.

place.'"). Accordingly, the fact the Policy does not contain a "raccoon exclusion" is of no relevance to the instant motion to dismiss.

### C. The Court Can Grant American Modern's Motion To Dismiss, Even If It Implicates A Matter Of First Impression.

Plaintiff next attempts to survive dismissal by claiming the Court cannot dismiss this matter as it is one of first impression in Pennsylvania. *See* Pl. Br. at p. 7-8/13. Not surprisingly, Plaintiff offers the Court no law to support this proposition. That is not surprising, because that proposition is clearly incorrect. *See*, *e.g.*, *Walter v. SEPTA*, 2007 U.S. Dist. LEXIS 22985, at *5 (E.D. Pa. Mar. 28, 2007) ("Defendant's Motion to Dismiss presented an issue of national first impression: whether the DOT's paratransit regulations found at 49 C.F.R. § 37.123(e), the regulations relied upon in plaintiff's claims, are a reasonable interpretation of the paratransit eligibility statute found at 42 U.S.C. § 12143(c)(1). The Court held that the statute was ambiguous and that the implementing regulations were a reasonable interpretation."); *Bouker v. Cigna Corp.*, 847 F. Supp. 337, 338 (E.D. Pa. 1994) ("Presently before me is defendant's motion to dismiss the state law claim, which raises an issue apparently of first impression. For the following reasons, I will grant the motion."). "Interpretation of an insurance contract presents an issue of law for the court to decide." *State Auto. Ins. Asso. v. Young Men's Republican Club*, 663 F. Supp. 1077, 1081 (W.D. Pa. 1987). Accordingly, this argument can be dismissed outright as the Court, can, and should, dismiss the Complaint, regardless of matters of first impression.

### D. There Is No Latent Ambiguity In The Terms "Vandalism" Or "Malicious Mischief."

Plaintiff next suggests that there is a latent ambiguity in the terms "vandalism" and "malicious mischief." Pl. Resp. Br. at p. 8/13. "The plain meaning of a contract can be overridden only in rare, exceptional circumstances." *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 234 (3d Cir. 2011). Plaintiff is correct: "A latent ambiguity

5

'arises from extraneous or collateral facts which make the meaning of a written agreement uncertain although the language thereof, on its face, appears clear and unambiguous.'" *Selective Way Ins. Co. v. RHJ Med. Ctr., Inc.*, 2008 U.S. Dist. LEXIS 98950, at *17 (W.D. Pa. Dec. 8, 2008) (citing *Allegheny Internat'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1424 (3d Cir. 1994)).  "The usual instance of a latent ambiguity is one in which a writing refers to a particular person or thing and is thus apparently clear on its face, but upon application to external objects is found to fit two or more of them equally." *Id.* at *18 (quoting *Steuart v. McChesney*, 444 A.2d 659, 664 (Pa. 1982)).  "Examples of latent ambiguities include (1) where an insurance policy covered a 'hay house' but there were two 'hay houses'; (2) where an insurance policy insured two chicken houses for different amounts but did not designate which was chicken house number one and which was chicken house number two; (3) or where the contract references dollars, but the parties intended that to mean Canadian dollars. *Id.* (citing *Metzger v. Clifford Realty Corp.*, 476 A.2d 1, 5 n.2 (Pa. Super. 1984); *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 93 n.3 (3d Cir. 2001)).

The terms "vandalism and malicious mischief" are not latent ambiguities.  These terms, as used in the Policy, do not represent a case where "a writing refers to a particular person or thing and is thus apparently clear on its face, but upon application to external objects is found to fit two or more of them equally." *See Selective Way Ins. Co.*, 2008 U.S. Dist. LEXIS 98950, at *18. Plaintiff simply does not like the ordinary, normal use of the words "vandalism" and "malicious mischief" because that interpretation does not afford coverage for property damage caused by raccoons.  However, the fact Plaintiff does not like the ordinary, normal use of the words "vandalism" and "malicious mischief" does not mean the Policy contains a latent ambiguity.  Accordingly, this argument can likewise be ignored.

### E. Even If Ambiguous, American Modern's Interpretation Of The Terms "Vandalism" And "Malicious Mischief" Was Reasonable, Even If Incorrect, And Therefore There Can Be No Finding Of Bad Faith.

Plaintiff next attempts to argue that assuming the terms "vandalism" and "malicious mischief" are ambiguous, which they are not, American Modern's interpretations of those terms evidences bad faith. *See* Pl. Resp. Br. at pp. 10-11/13. This is simply false.

> "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994)).

**Furthermore, an insured must demonstrate bad faith by a clear and convincing standard.** *Gray v. Allstate Indem. Co.*, 2015 U.S. Dist. LEXIS 21109, at *27 (M.D. Pa. Feb. 23, 2015). **"The 'clear and convincing' standard requires that the plaintiff show 'that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'"** *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) (quoting *Bostick v. ITT Hartford Group, Inc.*, 56 F.Supp. 2d 580, 587 (E.D. Pa. 1999)) (emphasis added). **"A reasonable basis is all that is required to defeat a claim of bad faith."** *Id.* (emphasis added).

**An insurer's interpretation of ambiguous terms, even if incorrect, is not bad faith unless that interpretation was unreasonable.** *See Rosewood Cancer Care, Inc. v. Travelers Indem. Co.*, 2016 U.S. Dist. LEXIS 133075, at *55 (W.D. Pa. Sep. 28, 2016) (finding that although terms were ambiguous, carrier's interpretation was reasonable, that incorrect interpretation could not serve as a basis for bad faith); *Gray*, 2015 U.S. Dist. LEXIS 21109, at

*30 (no bad faith existed where the insurer's interpretation of ambiguous policy terms was reasonable); *Mitch's Auto Serv. Ctr., Inc. v. State Automobile Mut. Ins.Co.*, 2011 U.S. Dist. LEXIS 123119, at **20-23 (E.D. Pa. Oct. 24, 2011) ("[A]mbiguity is not bad faith. Indeed, an ambiguous contract term is one that is subject to more than one reasonable interpretation."); *Bostick*, 56 F. Supp. 2d at 587 ("Bad faith cannot be found where the insurer's conduct is in accordance with a reasonable but incorrect interpretation of the insurance policy."); *Globe Indem. Co. v. Mohenis Servs., Inc.*, 1998 U.S. Dist. LEXIS 10092, at *22 (E.D. Pa. June 29, 1998) ("[C]overage for Ellis's claims could potentially only be found under ambiguous policy provisions. Globe cannot be seen as acting in bad faith in denying coverage based on one reasonable interpretation of that ambiguous provision."); *Egger v. Gulf Ins. Co.*, 2004 Phila. Ct. Com. Pl. LEXIS 82, at *8 (Pa. Com. Pl. Mar. 10, 2004) ("[I]t is important to note that where an insurance policy is susceptible to more than one reasonable interpretation, as here, the fact that the policy is found to be ambiguous and therefore construed against the insurer is insufficient, in and of itself, to establish bad faith.").

Here, even if it is to be believed that American Modern's interpretation of the terms "vandalism" and "malicious mischief" was incorrect (in denying coverage for Plaintiff's raccoon damage) certainly American Modern's interpretation was reasonable in light of every other Court which has found similar animals are not capable of forming the intent required for "vandalism" or "malicious mischief," and the fact neither party has been able to find a case where a court determined an animal could form the requisite intent for "vandalism" or "malicious mischief." *See Montgomery v. United Services Automobile Association*, 886 P.2d 981, 981 (N.M. App. 1994) (**finding a "bobcat cannot develop an intent or malice" as those terms are used to define "vandalism."**) (emphasis added); *Stack v. Hanover Insurance Company*, 329 So. 2d 561, 562 (Ala. App. 1976) ("**An animal, such as a deer, to the human mind, and in law, is**

8

**incapable of forming an intent to commit a wrongful act or to act maliciously**.") (emphasis added).  Accordingly, even if American Modern's interpretation of the terms "vandalism" and "malicious mischief" was incorrect, which American Modern denies, certainly American Modern's interpretation was reasonable, and therefore this could not serve as a basis for Plaintiff's bad faith claim, and therefore that claim should be dismissed.

Dated:  April 11, 2019                              POST & SCHELL, P.C.


                                                    By:    */S/ Steven J. Schildt, Esq.*
                                                           **Steven J. Schildt, Esq.**
                                                                (PA I.D.: 79011)
                                                           **Jeffrey M. Brenner, Esq.**
                                                                (PA I.D.: 313580)
                                                           Four Penn Center, 13th Fl.
                                                           1600 John F Kennedy Blvd.
                                                           Philadelphia, PA 19103
                                                           215-587-1089
                                                           *Attorneys for Defendant American Modern Select Insurance Company*

## CERTIFICATE OF SERVICE

I, Jeffrey M. Brenner, attorney for Defendant, hereby certifies that on the date set forth below he caused the attached <u>Reply Brief In Support of American Modern Select Insurance Company's Motion to Dismiss Plaintiff's Complaint</u> to be electronically filed with the Court. Service of same will be made upon all counsel of record via the Court's Electronic Filing System.

**Dated: April 11, 2019**     **POST & SCHELL, P.C.**

By:  */S/ Jeffrey M. Brenner*
**Steven J. Schildt, Esq.**
  (PA I.D.: 79011)
**Jeffrey M. Brenner, Esq.**
  (PA I.D.: 313580)
Four Penn Center, 13th Fl.
1600 John F Kennedy Blvd.
Philadelphia, PA 19103
215-587-1089
*Attorneys for Defendant American Modern Select Insurance Company*